**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>DIANE D. WEAVER and<br>JAMES E. WEAVER, JR.,<br><br>Debtors | Chapter 13<br><br>Case No. 21-12249 (ELF)<br><br>Hearing Date: 5/3/2022 at 1:00 p.m.<br>Location:    900 Market St., Ctrm. 1<br>               Philadelphia, PA 19107 |

**MOTION OF TRUMARK FINANCIAL CREDIT UNION**
**FOR AN ORDER APPROVING PROPOSED LOAN MODIFICATION AGREEMENT**

TO:   THE HONORABLE ERIC L. FRANK,
       UNITED STATES BANKRUPTCY JUDGE

TruMark Financial Credit Union ("TruMark"), by and through its undersigned attorneys, hereby moves for an order approving a loan modification agreement between TruMark on the one hand, and debtors Diane D. Weaver ("Mrs. Weaver") and James E. Weaver ("Mr. Weaver" and, together with Mrs. Weaver, the "Debtors") on the other hand, and in support thereof represents as follows:

## BACKGROUND

1.     On January 26, 2014, TruMark made certain loans, advances, and extensions of credit to Mrs. Weaver in the amount of $273,900.00 (the "Loan") pursuant to the terms of that certain Note dated January 26, 2014 (the "Note").

2.     In consideration for the Loan, the Debtors executed and delivered to TruMark a Mortgage also dated January 26, 2014 (the "Mortgage" and, together with the Note, the "Loan Documents"), encumbering the real property and improvements thereon known as 28 Hillbrook Circle, Malvern, Pennsylvania (the "Mortgaged Property").  The Mortgage was recorded with the Recorder of Deeds for Chester County, Pennsylvania on July 1, 2014 at Instrument No. 11353045.

1

3. On August 16, 2021 (the "Petition Date"), the Debtors filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

4. As of the Petition Date, TruMark held a claim on account of the Loan secured by the Mortgaged Property in an amount no less than $310,036.37 (the "Claim"). Included in the Claim was $71,370.76 in pre-petition arrears due and owing to TruMark from the Debtors on account of the Loan. Proof of this Claim was filed with this Court on September 23, 2021, which Claim is incorporated herein by reference as if set forth fully herein. See Claim No. 10.

5. Mrs. Weaver has applied, and been approved, for a loan modification agreement (the "Proposed Loan Modification"), which if approved by this Court would modify her obligations under the Note. A true and correct copy of the Proposed Loan Modification is incorporated herein by reference and attached hereto as Exhibit "A".

6. The Proposed Loan Modification has already been approved in both form and content by Mrs. Weaver and TruMark.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

7. Under the Proposed Loan Modification, Mrs. Weaver acknowledges that, as of March 22, 2022, the amount payable under the Loan Documents totaled $304,851.60. See Exhibit "A", ¶ 1.

8. Mrs. Weaver's new monthly payment, which was originally $1,367.54, will be $1,346.10 plus escrow, which is anticipated to be $477.06, beginning on May 1, 2022 for an estimated total payment of $1,823.16. See id. at ¶ 2.

9. The new maturity date for the Loan, which was originally July 1, 2044, will now be April 1, 2062. See id.

9927655.v1

10. As a result of these modifications, Mrs. Weaver will no longer have to fund the substantial pre-petition arrears that existed on the Mortgage totaling $71,370.76 through plan payments, and the maturity date will be extended by eighteen (18) calendar years. These changes will be highly beneficial to both of the Debtors.

11. In light of Mrs. Weaver's consent to the relief sought by this Motion, and the anticipated benefits that will accrue to the Debtors' estate, the Proposed Loan Modification should be approved.

12. TruMark is also the holder of a second-position junior lien secured by a second mortgage on the Mortgaged Property. TruMark consents to the Proposed Loan Modification and the preservation of the lien of the Mortgage in all respects following execution and recordation of the Proposed Loan Modification.

13. Creditor Cavalry SPV I, LLC, as assignee of Citibank, N.A., has filed a secured proof of claim in this proceeding on account of a judgment lien it claims to have obtained against Mr. Weaver only (the "Judgment"). See Claim No. 1-1. Because the Mortgaged Property is owned by the Debtors as tenants by the entireties, the Judgment does not encumber the Debtors' marital interest in the Mortgaged Property as a matter of law but, out of an abundance of caution and to the extent the Judgment were to be construed to lien the Debtors' interest in the Mortgaged Property in any way, TruMark respectfully requests that this Court enter the proposed order declaring the lien of its Mortgage to be preserved in all respects following the execution of the Proposed Loan Modification. TruMark is not willing to enter the Proposed Loan Modification without these assurances, which will undoubtedly benefit both the Debtors and the estate in this proceeding.

9927655.v1

**CONCLUSION**

14. For the foregoing reasons, TruMark respectfully requests that this Court enter an order approving the Proposed Loan Modification.

WHEREFORE, TruMark Financial Credit Union respectfully requests the entry of an order granting the relief requested herein, together with such other and further relief as is just and proper.

          Respectfully submitted:

          KLEHR | HARRISON | HARVEY|
          BRANZBURG LLP

By:   */s/Corinne Samler Brennan*
      Corinne Samler Brennan, Esquire
      1835 Market Street, Suite 1400
      Philadelphia, PA 19103
      Telephone: (215) 569-3393

      *Counsel to TruMark Financial Credit Union*

Dated: March 30, 2022